United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN GOLCHINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEMBERS OF THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00296-WHO<br><br>**ORDER GRANTING IFP AND DISMISSING COMPLAINT** |

## INTRODUCTION

Plaintiff has filed an application to proceed *in forma pauperis*. Docket No. 3. I have reviewed that application and GRANT it.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must review complaints filed *in forma pauperis* to determine whether they are frivolous or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). If the complaint is frivolous or fails to state a claim, the statute requires the Court to dismiss the case. 28 U.S.C. § 1915(e)(2). This case must be dismissed with prejudice as it is barred by res judicata because of plaintiff's prior legal actions and because of the implausibility of the allegations, if any, that are not barred.

## DISCUSSION

### I. RES JUDICATA

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010) (same). There is no exception to the rules of issue and claim

1    preclusion for federal civil rights actions under 42 U.S.C. § 1983.  *See Clark v. Yosemite*
2    *Community College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986).  The Supreme Court has made it
3    clear that a Section 1983 claim brought in federal court is subject to principles of issue and claim
4    preclusion by a prior state court judgment.  *See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980)
5    (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own
6    courts); *Migra*, 465 U.S. at 84 (extending rule of *Allen* to cover claim preclusion as well as issue
7    preclusion).

8         A civil rights action under Section 1983 may be dismissed as barred by res judicata if a
9    prior California state court judgment rendered a valid judgment on the merits in favor of a
10   defendant.  *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir.) (*citing Slater v.*
11   *Blackwood*, 15 Cal.3d 791, 795 (1976)), *cert. denied*, 476 U.S. 1182 (1986).  It does not matter
12   that the plaintiff had no opportunity to litigate the claim in a federal forum.  *Hawkins v. Risley*,
13   984 F.2d 321, 323 (9th Cir. 1993).

14        Under the "primary rights theory" in California, a federal court action will be barred by res
15   judicata where it seeks relief for harm that is the same harm alleged in state court.  *See Maldonado*
16   *v. Harris*, 370 F.3d 945, 952-53 (9th Cir. 2004) (defining "primary right" as right to be free of the
17   particular injury suffered); *Clark v. Yosemite Community College Dist.*, 785 F.2d at 786 (claim
18   precluded where § 1983 action implicates same primary rights to be free from interference with
19   teaching activities and defamation). The "primary rights theory," considers: "(1) [the] primary
20   right possessed by the plaintiff, (2) [the] corresponding primary duty devolving upon the
21   defendant, and (3) [the] harm done by the defendant which consists in a breach of such primary
22   right and duty.'"  *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009)(quoting *City of Martinez*
23   *v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)).  If this test is satisfied
24   when considering the harms alleged in the first suit and the harms alleged in the second, then the
25   same primary right is at stake even if in the later suit the plaintiff pleads different theories of
26   recovery, seeks different forms of relief, or adds new facts supporting recovery.  *Id*.

27   **A. Plaintiff's Allegations and Claims in his Prior State and Federal Court Proceedings**
28        In the complaint he filed in San Francisco Superior Court in March 2009, plaintiff sued the

2

members of the board of trustees of the California State University (CSU), the Governor, the Lt. Governor, the Speaker of the Assembly, the Superintendent of Education, the Chancellor of CSU, the President of San Francisco State University (SFSU), the Vice President for Student Affairs at SFSU, and individual SFSU employees (Flowers, Gaston, MacLaine, Czaja, Kleinberg, Valdez, Roston) as well as Kennedy Wilson Property Management Ltd. Complaint in CGC 09-486065, filed March 12, 2009. Plaintiff asserted 38 causes of causes of action for violation of 42 U.S.C. §§ 1983 & 1985 (violation of constitutional rights, including First, Fourth, and Fourteenth Amendment rights); violation of various federal statutes (including Title VI, Title IX, and the Civil Rights Act); violation of the California Constitution; violation of California statutes (including FEHA, Penal Code and Education Code provisions); and common law claims for breach of contract (and related causes of action), defamation, fraud, malicious abuse of process, and intentional and negligent infliction of emotional distress. *Id*.

The basis for his claims is alleged illegal conduct by employees at San Francisco State University from 2006 through 2008, which resulted in plaintiff's termination of employment at SFSU, being expelled as a graduate student from SFSU, and his eviction from housing owned, operated, or controlled by SFSU. Plaintiff also alleged that SFSU employees impermissibly started disciplinary proceedings against plaintiff and impermissibly applied the student code against him. He alleged that SFSU employees repeatedly broke into his apartment and car, stole his papers and computers, stole or illegally disposed of plaintiff's car, falsified criminal charges against him, and harassed and attacked him. *Id*.

The defendants filed a demurrer and the Superior Court sustained the demurrer with leave to amend. June 24, 2009 Order in CGC 09-486065. The Court dismissed plaintiff's claims because plaintiff failed to allege that he complied with the California Tort Claims Act (for claims seeking damages against state officials and employees); failed to state claims for which the state defendants were not immune from liability; and failed to clearly and concisely allege which acts each defendant was charged with committing. *Id*.

On June 25, 2009, plaintiff filed a First Amended Complaint against the same defendants, but alleged only 18 causes of action under the Federal and California Constitutions (right to free

3

speech, due process, and equal protection; as well as conspiracy, retaliation, and unreasonable search and seizure in violation thereof); illegal retaliation and expulsion under California law; violation of the Unruh Act; breach of contract; and tort claims. First Amended Complaint, CGC 09-486065, filed June 25, 2009. Defendants again demurred, and the Superior Court sustained the demurrer with leave to amend. October 1, 2009 Order. Plaintiff filed his Second Amended Complaint on November 19, 2009, reasserting essentially the same factual claims and essentially the same causes of action. Defendants demurred and the Superior Court sustained the demurrer without leave to amend. July 26, 2010 Order. The Superior Court dismissed the case with prejudice because plaintiff failed to comply with the California Tort Claim Act, the allegations against CSU arose from conduct by CSU employees who enjoyed immunity from their actions, and the claims stemming from his employment by CSU were barred by workers' compensation exclusivity. *Id*.

Plaintiff appealed and on February 28, 2012, the California Court of Appeal affirmed. The Court of Appeal found that plaintiff had not properly submitted a claim under the California Tort Claim Act and that plaintiff had waived his right to appeal the issues of immunity and workers' compensation exclusivity. *Id*.

Prior to filing his state court action, plaintiff filed a "civil rights complaint" against many of the same defendants (MacLaine, Gaston, Czaja, Kleinberg, Valdez, Roston and Kennedy Wilson Property Management Ltd.) in federal court. That case was assigned to Judge Chen. *Golchini v. Valdez et al*, Case No. 07-5471-EMC, Northern District of California. That complaint was based on allegations that defendant Valdez – the manager of the SFSU apartment where plaintiff lived – was running underground sex clubs. Plaintiff alleged that when Valdez found out that plaintiff knew about her operations she, campus police, and SFSU human resources staff conspired to force plaintiff out of his SFSU apartment and caused plaintiff to lose his SFSU employment, benefits, medical coverage, and made attempts on his life. Docket No. 6 in Case No. 07-5471. Based on those allegations, plaintiff asserted various state and federal causes of action under 42 U.S.C. §§ 1983 and 1985.

Judge Chen found that plaintiff failed to state a claim on his federal claims, declined to

4

exercise federal jurisdiction over the state law claims, and dismissed plaintiff's complaint. The dismissal was with prejudice because the complaint contained factual allegations that Judge Chen found were "clearly baseless and fanciful" in light of the implausibility of the alleged wrongdoing and also in light of the number of diverse defendants allegedly involved in the conspiracy. *Id*.

### B. Plaintiff's Complaint in this Action

There is substantial overlap between the defendants, facts, and claims alleged in this case and those in plaintiff's prior state and federal court actions. The defendants are identical except for the substitution of the current members of the CSU board of trustees and the current Governor, Lt. Governor, Superintendent of Public Education, etc. The factual allegations and harms alleged in plaintiff's 453 paragraph, 87 page Complaint are nearly identical to those asserted in his prior state court and federal court actions, with the exception of some alleged issues that have allegedly occurred since plaintiff's state court action was dismissed with prejudice by the Superior Court in 2010.

### C. Plaintiff's Current Action is Barred by Res Judicata

Plaintiff's current action is barred by res judicata. It is based on the exact facts and harms he alleged in his prior state and federal court actions.

Plaintiff argues that because he wasn't allowed to pursue his Section 1983 federal claims in his state court case, he should be allowed to pursue them here. Complaint ¶¶ 334, 363. However, the record shows that he did assert federal claims under Section 1983 and other federal statutes in his state court proceeding. In each of his complaints filed in Superior Court, plaintiff repeatedly asserted claims arising under Section 1983, Title VI or VII, and the First, Fourth, and Fourteenth Amendments of the United States Constitution based on essentially the same facts alleged here. Those claims were dismissed by the Superior Court.

Plaintiff asserts that his claims in state court were dismissed only for lack of jurisdiction and not on the merits. Complaint ¶ 363. But the demurrers below were determinations on their *merits* – that plaintiff could not seek damages against CSU employees without complying with California's Tort Claims Act, and that his claims were barred by CSU employee immunity and by workers' compensation exclusivity because they arose out of an employment relationship. *See*

5

1   July 26, 2010 Order Sustaining Demurrer and Judgment of Dismissal, CGC 09-486065.  Those are

2   determinations on the merits and subject to res judicata.

3         If plaintiff felt his *federal* claims were not appropriately dismissed or were not fully

4   addressed by the Superior Court, it was his burden in *state* court to fully litigate those claims and

5   to make all necessary arguments regarding his federal claims first to the Superior Court, and then

6   to the Court of Appeal, and then to the California Supreme Court.[1]  *See, e.g., Clark v. Yosemite*

7   *Cmty. Coll. Dist.*, 785 F.2d at 786 ("If the state trial court failed to issue judgment on this cause of

8   action, Clark's proper remedy was a motion demanding a definite ruling or pursuit of an appeal,

9   not relitigation of the cause of action involving that primary right in another forum.").  The fact

10  that plaintiff may have focused more on his state law claims in his briefing and arguments in

11  superior court and on appeal does not mean that his federal claims were not appropriately raised

12  and decided against him in the state court proceedings.[2]

13        Finally, although the theory of *why* he was being targeted may have been different in his

14  prior federal court action,[3] the harms he complains of in both this and Judge Chen's case are

15  identical: (i) that plaintiff was harmed when he was forced out of his SFSU apartment and lost his

16  SFSU employment, benefits, and medical coverage; (ii) he was harassed by SFSU employees

17  including campus police, human resources personnel, and housing management; and (iii) false

18  claims and criminal charges were brought against him by campus police and others.  Plaintiff

19  cannot attempt to relitigate those harms now by changing his theory or the label of the legal claims

20  he asserts.  *See, e.g.*, *Brodheim v. Cry*, 584 F.3d at 1268; *compare* Second Amended State Court

21  Complaint ¶¶ 119, 122, 153 (enforcement of student code violates constitutionally protected

---

[1] Plaintiff cannot complain in federal court about a decision reached in state court.  Instead, he must pursue all appeals in state court and be bound by the final state court determination. *See, e.g., Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (the *Rooker-Feldman* doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

[2] Federal Section 1983 claims can be raised and determined in state court. *Felder v. Casey*, 487 U.S. 131, 158 (1988).

[3] In Judge Chen's case, plaintiff's theory was that the harms inflicted on him were due to his discovery of underground sex clubs being operated at his apartment complex.  Here, plaintiff alleges the harms he suffered were in retaliation for his uncovering identity theft, corruption, and other "improper activities" at the university.  Complaint ¶ 38.

speech and punished plaintiff with termination, expulsion, and eviction); *with* Complaint ¶ 35 ("Where a student is employee and residence [sic] of its campus housing, the university applies these [student code] policies and extend its punishment to include termination of employment, eviction from campus housing, seizure of property, and expulsion from university, as applied to Plaintiff.").

All claims related to harms plaintiff suffered from SFSU employees through 2009 are barred by plaintiff's prior state and federal court actions under the doctrine of res judicata and are DISMISSED WITH PREJUDICE.

## II. CLAIMS THAT MAY HAVE ARISEN SINCE 2009

Plaintiff's complaint is prolix, confusing, and extremely long. However, generously read, one could construe claims that plaintiff is asserting to have arisen since he filed his state court complaints. But there is no legal or plausible support for them.

### A. Challenges to student code

Plaintiff argues that SFSU's student code violates the First Amendment. To the extent plaintiff is complaining about how the code was applied to him while he was at SFSU (*see, e.g.,* Complaint ¶¶ 29-35), those claims are barred by res judicata because he asserted numerous First Amendment and state constitutional violations based on SFSU's student code in his prior complaints. *See, e.g.*, Second Amended State Court Complaint ¶¶ 119, 122, 153. To the extent plaintiff is attempting to challenge the student code as it is applied to current SFSU students, he lacks standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication" and to have standing a plaintiff must show a likelihood of harm is "concrete and particularized" as well as "actual or imminent"). Plaintiff is not a current student and having been expelled, there is no indication that he will be a student in the future. Therefore, plaintiff's challenges to the student code must be DISMISSED as barred by res judicata or for lack of standing.

### B. Extrinsic Fraud

In his Complaint, plaintiff alleges that various unspecified "university" defendants

committed extrinsic fraud on "courts" by submitting false testimony. To the extent plaintiff is complaining about acts of extrinsic fraud in connection with proceedings *other* than the state court action discussed above, those claims are barred by res judicata. *See* Complaint, ¶ 93 (complaining about university employees submitting false declarations to a court that resulted in plaintiff's eviction); ¶¶ 102-104 (complaining about university employees conspiring to "trump up" criminal charges); ¶ 242 (complaining about his eviction and default judgment secured by university employees); ¶ 247-248 (complaining about false criminal charges); *see also* Complaint pg. 43 fn. 6 (allegations of extrinsic fraud based on university efforts to "disarm and suppress Plaintiff from exercising its constitutionally protected rights."). These allegations were raised and ruled on in his state court action. Second Amended State Court Complaint, ¶¶ 58-61, 89, 175.

To the extent that plaintiff is asserting that the defendants committed extrinsic fraud in the state court action discussed above, those claims lack any plausible factual support. "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). In his Complaint and in his supporting Declaration of Due Diligence [Docket No. 103], plaintiff blames unspecified defendants for acts that prevented him from advocating for his rights, winning his state court action, and filing this action in a timely manner. *See, e.g.*, Complaint ¶¶ 314-320. He also asserts that "[t]hroughout the pendency of its [sic] claim in state court" the "University embraces all the multifarious means which human connivance can devise to assure that Plaintiff is denied of opportunity to present all rights and defenses he was entitled to assert," and that defendants redefined laws, used "obstructionary tactics," and manipulated the court record so that plaintiff was prevented him from proceeding with his claim. *Id*. ¶¶ 335-337.

Plaintiff also lists harms unnamed employees of "the university" inflicted on him between March 2009 and June 2012, including: interfering with plaintiff's employment, housing, ability to file court documents, and mail; stealing his summons; obstructing service; and, stealing other legal papers. *Id*. ¶ 340, 429 ("university" was responsible for robbery, assault, burglary, interference with housing and employment, involuntary incarceration, and interference with filing). These allegations are not specific and are not plausible as a matter of law. Plaintiff does not identify any

involved university employee by name, does not connect a particular university employee to a particular harm, and does not clearly state the dates on which these harms occurred. Plaintiff may have suffered these harms, but there are no facts alleged that plausibly show any defendant caused them. Plaintiff's wide ranging allegations of criminal conduct by "the university" are implausible on their face, given their nature and lack of substantiation.

Plaintiff's claims for extrinsic fraud are DISMISSED WITH PREJUDICE as barred by res judicata or because they are so implausible that they cannot be cured by amendment.[4]

### III. REQUEST FOR APPOINTMENT OF COUNSEL, MOTION FOR PERMISSION TO E-FILE AND MOTION TO FILE UNDER SEAL

Plaintiff has asked for appointment of counsel, to be allowed to e-file, and to be allowed to file under seal information related to his "equitable estoppel" argument in support of tolling the statute of limitations. Docket No. 1-4. The request for appointment of counsel and the motion to be allowed to e-file are DENIED as moot in light of the dismissal of the Complaint with prejudice. The motion to file under seal is also DENIED. According to plaintiff's motion, the information he seeks to file under seal is "confidential" information discovered on December 6, 2014, showing that the university has "been engaged in a massive illegal activities to put an end to Plaintiff's claim all together and prevent further litigation." Application to File Under Seal [Docket No. 1-4] ¶ 10. Because it appears that this newly discovered information is primarily relevant to plaintiff's argument that the statute of limitations on his Section 1983 claims should be equitably tolled – an issue I did not need to reach, having dismissed the Complaint on other grounds – the information at issue is not relevant to my ruling and the motion to file under seal is DENIED.[5]

---

[4] Relatedly, plaintiff asserts claims for "malicious prosecution" and "abuse of process" against university officials and employees related to his eviction and trumped up criminal charges. Complaint ¶¶ 242-255, 262. These claims are barred by res judicata because they seek relief for the same harms alleged in his state court proceeding.
[5] If the information plaintiff seeks to file under seal is relevant to any newly discovered claims that plaintiff believes he has against the defendants, plaintiff may present that new information and new claims in a new lawsuit.

**CONCLUSION**

Plaintiff's application to proceed IFP is GRANTED.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE because all of the claims asserted are barred by res judicata or implausibility. Plaintiff's request for appointment of counsel and motion to file under seal are DENIED.

**IT IS SO ORDERED**.

Dated: February 10, 2015

WILLIAM H. ORRICK
United States District Judge