UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN GOLCHINI,<br><br>    Plaintiff,<br><br>    v.<br><br>MEMBERS OF THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 15-cv-00296-WHO<br><br>**ORDER REOPENING TIME TO FILE APPEAL**<br><br>Re: Dkt. Nos. 7, 7-1 |

On February 10, 2015, I entered an order granting plaintiff Hassan Golchini's application to proceed in forma pauperis but dismissing his complaint with prejudice because his claims were barred by res judicata and/or implausible. Dkt. No. 5. A copy of the order was mailed to Golchini on the same date but was subsequently returned as undeliverable. Dkt. No. 6.

On August 7, 2015, Golchini filed a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).[1] Dkt. No. 7. Under that rule,

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

---

[1] The motion is erroneously titled, "Motion for an Extension of Time to File a Notice of Appeal." Dkt. No. 7. A motion for an extension of time to file a notice of appeal is governed by Rule 4(a)(5) and must be submitted within the time for filing a notice of appeal prescribed by Rule 4(a)(1). *See* Fed. R. App. P. 4(a)(5). That is not the situation here.

Fed. R. App. P. 4(a)(6). In a declaration attached to his motion, Golchini states that he did not receive the dismissal order in this case until July 28, 2015, when a student at the legal aid clinic where he regularly receives his mail informed him that the case had been dismissed and printed him a copy of the order. Dkt. No. 7.

Having reviewed Golchini's motion and declaration and other relevant materials, I am satisfied that each of Rule 4(a)(6)'s requirements is satisfied, and that Golchini's motion should be GRANTED.

Golchini has established that he "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6). "While Rule 4(a)(6) puts the burden on the moving party to demonstrate nonreceipt, the rule does not mandate a strong presumption of receipt." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995). Generally, an "unchallenged assertion" by a pro se litigant that he did not receive timely notice of the relevant judgment or order is sufficient to establish nonreceipt. *See United States v. Withers*, 638 F.3d 1055, 1061-62 (9th Cir. 2011) (holding that district court erred in finding notice of appeal untimely where pro se litigant "asserted that he did not receive a copy of the district court order . . . until three days before he filed his notice of appeal – an assertion the government does not contest"). Golchini's assertion that he did not receive timely notice of the dismissal order is both unchallenged and corroborated by the fact that the mailed order was returned as undeliverable. He has demonstrated nonreceipt.

Golchini's motion is timely. He filed his motion 178 days after the dismissal order was entered. This timing is close to the line but acceptable under Rule 4(a)(6).

Finally, there is no indication that any party will be prejudiced by reopening Golchini's time to file an appeal. "Prejudice" in this context "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Fed. R. App. P. 4, Advisory Committee Note to 1991 Amendment. "Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." *Id.* As Golchini has not yet

served any of the defendants in this case, it is implausible that reopening the time to file an appeal will cause them prejudice of the sort that is cognizable under Rule 4(a)(6).

A district court has "some discretion" to deny a motion to reopen under Rule 4(a)(6) even where the rule's requirements are met. *Nunley*, 52 F.3d at 798; *see also Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003) ("The plain language of Rule 4(a)(6) mandates that the district court retain discretion to deny an appellant's motion to reopen . . . even when the rule's requirements are met."). But whatever circumstances might justify a denying a timely motion to reopen where the appellant has establish nonreceipt and there is no indication of prejudice to any party, those circumstances are not present here. Golchini's motion is GRANTED. The Clerk shall FILE the notice of appeal attached to the motion. *See* Dkt. No. 7-1.

**IT IS SO ORDERED**.

Dated: August 17, 2015

_____
WILLIAM H. ORRICK
United States District Judge

3